**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TELSYNC TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>GE VERNOVA INC.,<br><br>Defendant. | Civil Action No: 1:25-cv-00473-GBW<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GE VERNOVA INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO TELSYNC TECHNOLOGIES LLC'S COMPLAINT**

1. Defendant GE Vernova Inc. ("Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Telsync Technologies LLC's Complaint for Patent Infringement. Defendant denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

## JURISDICTION

4. Defendant admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

---

[1] For avoidance of doubt, Defendant denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

5. Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant does not contest whether personal jurisdiction over it properly lies in this District in this case. Defendant denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## VENUE

7. Defendant does not contest whether venue is proper in this District in this case. Defendant denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

## PATENT-IN-SUIT

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies all such allegations.

## THE '263 PATENT

9. Defendant admits that the purported copy of U.S. Patent No. 8,897,263 (the "'263 Patent") that is attached to the Complaint as Exhibit 1 indicates that it was filed on October 19, 2012, issued on November 25, 2014, and is entitled "Interactions among mobile devices in a wireless network."

## COUNT 1: [ALLEGED] INFRINGEMENT OF THE '263 PATENT

10. Defendant incorporates by reference each of its responses set forth in Paragraphs 1-9 above as if fully set forth herein.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 contains an allegation for which no response is required. To the extent Paragraph 17 set forth an allegation of infringement, it is denied.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

**[PLAINTIFF'S] JURY DEMAND**

19. Defendant is not required to provide a response to Plaintiff's request for trial by jury.

**[PLAINTIFF'S] PRAYER FOR RELIEF**

Defendant denies the Plaintiff is entitled to any relief from Defendant and denies all the allegations contained in Paragraphs A-E of Plaintiff's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Defendant's Affirmative Defenses are listed below. Defendant reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

**FIRST AFFIRMATIVE DEFENSE**

Defendant has not infringed and does not infringe, under any theory of infringement (including literally, under the doctrine of equivalents, directly (whether individually or jointly), or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of U.S. Patent No. 8,897,263 ("the '263 Patent").

**SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the '263 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C.

§§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff, any predecessors in interest, any licensees to the ’263 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant’s actions allegedly infringe the ’263 Patent, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the ’263 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Defendant indirectly infringes, either by contributory infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that its actions would allegedly cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff’s attempted enforcement of the ’263 Patent against Defendant is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands (including inequitable conduct).

**SIXTH AFFIRMATIVE DEFENSE**

The claims of the ’263 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Patents-in-Suit does not claim patent eligible subject matter under 35 U.S.C. § 101.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted under 35 U.S.C. § 284.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to include allegations that would support a declaration in Plaintiff's favor that this case is exceptional within the meaning of 35 U.S.C. § 285.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff does not own, hold enforceable title, exclusively license, and/or otherwise possess the necessary rights during the period of alleged infringement to assert the '263 Patent, Plaintiff lacks standing.

## GE VERNOVA INC.'S COUNTERCLAIMS

For its counterclaims against Plaintiff Telsync Technologies LLC, Counterclaim Plaintiff GE Vernova Inc. ("Counterclaim Plaintiff") alleges as follows:

### PARTIES

1. Counterclaim Plaintiff is a corporation organized and existing under the laws of Delaware and maintains an established place of business at 58 Charles St., Cambridge, MA 02141.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Telsync, is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 1903 Toro Canyon Rd. Austin TX 78746.

### JURISDICTION

3. Counterclaim Plaintiff incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Telsync has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Telsync's filing of this action, venue is proper for purposes of these counterclaims, in this District pursuant at least 28 U.S.C. § 1391.

### COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

7. Counterclaim Plaintiff incorporates by reference Paragraphs 1–6 above.

8. Based on Telsync's filing of this action and at least Counterclaim Plaintiff's first affirmative defense, an actual controversy has arisen and now exists between the parties as to

whether Counterclaim Plaintiff infringes any valid and enforceable claim of U.S. Patent No. 8,897,263 ("the '263 Patent").

9. Counterclaim Plaintiff does not infringe any valid and enforceable claim of the '263 Patent, because, by way of example only and without limitation, the accused system does not comprise, as required by independent claim 1, "determining a first identification information associated with a mobile device," "in response to the mobile device leaving a first wireless range associated with the wireless network, accessing a second identification information associated with the first identification information, wherein the second identification information is assigned to the mobile device when the mobile device is in a second wireless range associated with the wireless network and registers itself to a stationary device covering the second wireless range," and/or "maintaining the communication session with the mobile device by utilizing the second identification information in a signaling protocol."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that Counterclaim Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '263 Patent under any theory (including literally, under the doctrine of equivalents, directly (whether individually or jointly), or indirectly (whether contributorily or by inducement)).

**COUNT II**

**DECLARATION REGARDING INVALIDITY**

11. Counterclaim Plaintiff incorporates by reference Paragraphs 1–10 above.

12. Based on Telsync's filing of this action and at least Counterclaim Plaintiff's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '263 Patent.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*,

Counterclaim Plaintiff requests a declaration by the Court that the claims of the ’263 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff asks this Court to enter judgment in Counterclaim Plaintiff’s favor and against Telsync by granting the following relief:

a) a declaration that the ’263 Patent is invalid;

b) a declaration that Counterclaim Plaintiff does not infringe, under any theory, any claim of the ’263 Patent that may be valid and enforceable;

c) a declaration that Telsync take nothing by its Complaint;

d) judgment against Telsync and in favor of Counterclaim Plaintiff;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Counterclaim Plaintiff of its costs and attorneys’ fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Counterclaim Plaintiff hereby demands trial by jury on all issues.

Dated: May 22, 2025

Respectfully submitted,

By: */s/ Grayson P. Sundermeir*

Grayson P. Sundermeir (#6517)
222 Delaware Ave., 17th Floor
Wilmington, DE 19801
(302) 652-5070 (Telephone)
sundermeir@fr.com

Neil J. McNabnay
Lance E. Wyatt
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
mcnabnay@fr.com
wyatt@fr.com

**COUNSEL FOR DEFENDANT GE VERNOVA INC.**